■ In the Matter of ROBERT L. SCHULZ, Appellant, v NEW YORK STATE LEGISLATURE et al., Respondents. [— NYS2d —] —Mercure, J. Appeal (transferred to this Court by order of the Court of Appeals) from a judgment of the Supreme Court (Canfield, J.), entered June 27, 1997 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, *inter alia*, declared that chapter 7 of the Laws of 1997 is not violative of NY Constitution, article III, § 6.

Legislative Law § 5-a (3) provides for additional compensation to be paid to members of the Assembly for service rendered in any of a number of special capacities identified therein. That statutory provision originated in 1984 (L 1984, ch 986) and, although originally limited to a two-year period, was biennially renewed to provide continuous coverage through the end of 1996 (*see*, L 1994, ch 141, § 2-a). However, it was not until January 24, 1997 that the Legislature passed chapter 7 of the Laws of 1997 (hereinafter chapter 7), which continued the

special allowances for the two-year period beginning January 1, 1997. Contending that in enacting chapter 7 the Legislature violated NY Constitution, article III, § 6[1] by increasing legislators' compensation for the term for which they had been elected, petitioner brought this combined proceeding, *inter alia*, for a declaration that chapter 7 is unconstitutional.[2] Supreme Court dismissed the petition and petitioner now appeals.

We agree with Supreme Court's conclusion that the matter is governed by the 1976 decision of the Court of Appeals in *New York Pub. Interest Research Group v Steingut* (40 NY2d 250). Petitioner premises his constitutional challenge on the theory that because the prior legislative authority lapsed effective December 31, 1996, the affected members of the Assembly began their current terms without any special allowances and, as such, any provision for a special allowance during that term of necessity constituted an impermissible increase during the term for which he or she had been elected. Although facially appealing, the fact is that the Court of Appeals considered and rejected the very same reasoning in *Steingut* (*see, id.*, at 257), holding that notwithstanding a gap between the expiration of the old appropriation and enactment of the new one, so long as "allowances be maintained at prior effective levels without increase, decrease or addition" (*id.*, at 261), NY Constitution, article III, § 6 is not violated (*see, id.*).

We are unpersuaded by petitioner's argument that *New York Pub. Interest Research Group v Steingut* (*supra*) is inapposite because it dealt with the Legislature's "age-old practice of * * * annually appropriating special allowances for legislators in the supplemental budget" and not, as in this case, a "general law". As aptly pointed out by respondents: "for this Court to accept [petitioner's] attempted distinction, it would have to ignore the specific holding of *Steingut*—that allowances previously 'fixed by law', despite expiration and exhaustion as a predicate for a

---

**1.** NY Constitution, article III, § 6 provides in relevant part, as follows: "Each member of the legislature shall receive for his [or her] services a like annual salary, to be fixed by law. * * * Any member, while serving * * * in any other special capacity * * * may also be paid and receive * * * any allowance which may be fixed by law * * *. Neither the salary of any member nor any other allowance so fixed may be increased or diminished during, and with respect to, the term for which he [or she] shall have been elected, nor shall he [or she] be paid or receive any other extra compensation."

**2.** We note that this proceeding involves special allowances paid to only seven members of the Assembly, totaling but $62,500 per year, and that the special allowances fixed by chapter 7 were exactly the same as those in existence prior to January 1, 1997.

claim against public funds, 'retain a continuing vitality as establishing the effective level against which subsequent appropriations for the same office shall be compared to determine whether there has been a prohibited increase' [*New York Pub. Interest Research Group v Steingut, supra,*] at 259."

Finding that petitioner has failed to meaningfully distinguish the controlling precedent of *New York Pub. Interest Research Group v Steingut* (*supra*) or to otherwise satisfy his burden of establishing the unconstitutionality of chapter 7 beyond a reasonable doubt (*see, City of New York v Patrolmen's Benevolent Assn.*, 89 NY2d 380, 389; *Hotel Dorset Co. v Trust for Cultural Resources*, 46 NY2d 358, 370), we conclude that Supreme Court did not err in its declaration that chapter 7 is not violative of NY Constitution, article III, § 6.

Mikoll, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.